Turney J.,
delivered the opinion of the Court.
On the 2nd of June, 1870, the Governor approved an Act of the General Assembly passed May 27, establishing the County of Christiana.
This act after defining the boundaries, providing for the organization, etc., concludes;
“Seo. 14. Be it further enacted, That the fractions taken from the counties of Roane, Monroe and Blount,, to form the County of Christiana, shall continue liable for their pro rata of all debts contracted by their respective counties prior to the separation, ■ and be entitled to their proportion of any stock or credits belonging to such old counties.”
*855 On June 27, 1870, this act was amended by changing the name of the new county from Christiana to Loudon.
Before the formation of the new county, Blount became indebted to the Knoxville & Charleston R. R. Co., by subscription in the sum of $1 20,000, besides owing other large debts.
This bill is filed seeking to have Loudon County or its fraction taken from Blount, account for the pro rata share of the fraction in the indebtedness of Blount.
There is a demurrer to the bill: 1st. Because complainant’s remedy, if it has. any, is against the citizens and property of that part of Loudon County, formerly constituting a part of Blount, and not against Loudon County. 2. Complainants show no equity upqn the face of the bill upon which a Court of Chancery could base a decree.
The demurrer is well taken, the indebtedness charged is in no sense the indebtedness of Loudon County, but is the indebtedness solely of Blount County.
There is no allegation of the bill to the effect that Loudon County has collected and retains, or has appropriated taxes levied upon and realized from the Blount fraction, that should have been applied to the payment of the debt charged. Nor is there any charge against Loudon of doing what it ought not to have done, or failing to do what it should have done.
The property and citizens of the Blount fraction occupy the same relation to Blount they did at the moment of the separation of the county, and that relation is defined in section 14, already quoted of the *856 act of June, 1870. The provision that the fractions named in that section, “shall continue liable for their pro rata of all debts,” etc., has reference to the liability then existing, that liability was to pay in taxes to be assessed by the respective county courts of the counties then containing such fractions, their proportion of the county’s indebtedness.
It was intended that while these parts of counties should be detached from the old counties to constitute a new one, that nevertheless, such new county should not be absolved from its existing obligation to the parent counties, and that the parent counties should, for the purpose of enforcing such obligations, exercise the same jurisdiction it had before the separation. The words “shall continue liable” have reference to the law as it existed at the time of the passage of the act, and that gave to the County of Blount the authority to levy and collect taxes for county purposes, and the county before its dismemberment having become involved in debt, that debt still hangs over it as an entirety, including the fraction taken off to Loudon.
In fact, for this purpose, the county is by the language of the act kept intact, and subject as formerly, to the assessment and collection of taxes, as if no new county had been formed.
The decree of the Chancellor sustaining the demurrer is affirmed.